JOURNAL ENTRY and OPINION
{¶ 1} In this consolidated appeal, appellants, eleven companies that were former members of the Center for Claims Resolution ("the CCR members"),[1] appeal the trial court's decision granting appellee, Kelley Ferraro's ("KF"), ninth motion to enforce the settlement agreement. Finding merit to the appeal, we reverse.
 {¶ 2} KF represented 15,000 asbestos claimants who sued various asbestos manufacturers and distributors in several jurisdictions, including Cuyahoga County. In 1988, the asbestos producers and distributors created the CCR, a nonprofit organization, to handle all asbestos-related personal injury litigation. The rights and responsibilities of the CCR and its members were set forth in an the CCR and its members were set forth in an agreement known as the CCR Producer Agreement, under which each member authorized the CCR to calculate its share of each settlement in accordance with the members' allocation arrangements.
 {¶ 3} In July 1999, KF, acting on behalf of their clients, entered into a Settlement Agreement ("Agreement") with the CCR to settle claims against the CCR member companies. Pursuant to the Agreement, each member company would pay its individual share of the settlement, in biannual installments between December 1999 and December 2004, to those claimants who qualified under the terms and conditions of the Agreement.
 {¶ 4} Between the time the Agreement was executed and payments became due, various CCR member companies filed for bankruptcy and failed to pay their shares under the Agreement. As a result, KF filed numerous motions seeking to enforce the Agreement and to hold the remaining solvent CCR member companies jointly and severally liable for the insolvent member companies' unpaid shares.
 {¶ 5} In July 2003, the trial court granted KF's ninth motion to enforce the settlement agreement, thereby holding all solvent CCR member companies jointly and severally liable for the unpaid shares. The CCR members appeal, raising four assignments of error.
 Identity of Judgment Claimants {¶ 6} In its third assignment of error, the CCR members argue that the trial court erred in failing to identify the claimants for whom it entered judgment.
 {¶ 7} Written contract interpretation is a question of law; thus, we review this matter under the de novo standard. Sherman R. Smoot Co. ofOhio v. Ohio Dept. of Adm. Serv. (2000), 136 Ohio App.3d 166, 172,736 N.E.2d 69.
 {¶ 8} KF's ninth motion to enforce the settlement agreement alleged that KF had submitted 2,938 claims totaling $14,283,535 to the CCR for the June 1, 2003 payment. The motion further provided that the CCR failed and refused to process 2,408 of those claims, totaling $11,487,285, and that it had refused to pay any part of the $9,622,500 payment due June 1, 2003. However, the CCR members opposed this motion, stating that only 438 claimants had qualified for payment, and the maximum amount they were eligible to receive was $3,674,835, not the $9,662,500 requested by KF.
 {¶ 9} The trial court conducted a hearing on the motion and the parties waived an evidentiary hearing on the matter and stipulated that KF presented qualified claims in the amount of $9,662,500. The trial court granted KF's motion and rendered judgment "on behalf of plaintiffs in the sum of $9,662,500 (the total value for the claimants who had provided all the required documentation) * * *."
 {¶ 10} The CCR members appeal this judgment, claiming that the judgment is void because it does not identify the judgment claimants. However, we find the parties stipulated at the hearing that KF presented qualified claims totaling $9,622,500. In fact, the parties agreed that the stipulation eliminated the need for an evidentiary hearing. A stipulation is a voluntary agreement entered into between opposing parties concerning the disposition of some relevant point to avoid the necessity for proof on an issue. Rice v. Rice (Nov. 8, 2001), Cuyahoga App. No. 78682. Where parties choose to stipulate to facts in lieu of presenting evidence, they waive any error that may have occurred with respect to the trial court's deciding the matter without hearing evidence presented by the parties. Id. at the trial court's deciding the matter without hearing evidence presented by the parties. Id. at p. 9; FFareydoon-Nezhad v. Kilgore (Dec. 18, 1989), Lawrence App. No. 98 CA 3, citing Peters Motors, Inc. v. Rodgers (1954), 161 Ohio St. 480,120 N.E.2d 80, paragraph two of the syllabus.
 {¶ 11} If the CCR members had any concerns or questions as to who the judgment claimants were, the CCR members should have raised the issue at the hearing. Instead, the parties waived their right to an evidentiary hearing and stipulated to the amount of qualified claims. Therefore, we find that the trial court did not err in failing to identify the claimants for whom it entered judgment.
 {¶ 12} Accordingly, we overrule the CCR members' third assignment of error.
 Joint and Several Liability {¶ 13} In its second assignment of error, the CCR members argue that the trial court erred in holding the CCR members jointly and severally liable under the Settlement Agreement. We agree.
 {¶ 14} In July 2003, this court considered this issue in In Re: Kelley Ferraro Asbestos Cases, 153 Ohio App.3d 458, 2003-Ohio-3936,794 N.E.2d 729 ("Ferraro I"). This court held that under the guise of fundamental fairness, all CCR members, whether solvent or insolvent, were jointly and severally liable for all amounts due to the claimants pursuant to the Agreement. Id. at 471.
 {¶ 15} However, the Ohio Supreme Court recently reversed this court's decision in Ferraro I and held that the terms of the Agreement, specifically paragraph 13, "creates only several liability among the CCR members, and, therefore, each member is responsible only for its individual share of for its individual share of liability payments."[2]In Re: All Kelley Ferraro Asbestos Cases, 104 Ohio St.3d 605, 618,2004-Ohio-7104, 821 N.E.2d 159. In so holding, the court stated that the language of paragraph 13 could
"only be interpreted as imposing several liability upon the CCR membercompanies and manifests the parties' intent that each member beresponsible for only its individual share of the total settlement amountas calculated pursuant to the Producer Agreement. In other words, thefirst sentence of paragraph 13 shows that the members promised to paylimited amounts toward the biannual installments specified in thesettlement agreement." Id. at 614.
 {¶ 16} Therefore, based upon the recent decision by the Ohio Supreme Court, we find that the trial court erred in holding the CCR members jointly and severally liable under the Settlement Agreement; each individual member company is only responsible for its individual share pursuant to the Producer Agreement.
 {¶ 17} Accordingly, the CCR members' second assignment of error is sustained. Having sustained this assignment of error, we need not address the remaining assignments of error regarding misapplication of the law and jurisdiction. See, Ferraro, 104 Ohio St.3d at 618, holding the jurisdictional issue moot.
Judgment reversed and case remanded.
It is, therefore, considered that said appellants recover of said appellee the costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J. and Kilbane, J. concur.
[1] The eleven companies include Amchem Products, Inc., C.E. Thurston Sons, Inc., CertainTeed Corp., Dana Corp., I.U. North America, Inc., Maremont Corp., National Service Industries, Inc., Nosroc Corp., Pfizer Inc., Quigley Company, Inc., and Union Carbide Corp.
[2] The first sentence of Paragraph 13 provides:
"[P]ayments to Plaintiff Counsel by the CCR under paragraph 5 of thisSettlement Agreement shall be funded by the CCR member companies inaccordance with the terms of the Producer Agreement Concerning Center forClaims Resolution (as amended, effective February 1, 1994) and each CCRmember shall be liable under this Settlement Agreement only for itsindividual share of such payments as determined under that ProducerAgreement." (Emphasis added).